NATHAN HART, APPELLEE, v. G. H. DIETRICH, APPELLANT.

FILED JULY 3, 1903.  No. 13,002.

Partnership: EQUITY: ACCOUNTING. A partner who, without notice to or knowledge of his copartner, takes substantially all of the ready money of the firm and absconds, remaining away eight months without disclosing his whereabouts, has no standing in equity to demand an accounting after his copartner has wound up the business and paid the partnership debts.

APPEAL from the district court for Box Butte county: WILLIAM H. WESTOVER, DISTRICT JUDGE. *Reversed and dismissed.*

*R. C. Noleman,* for appellant.

*William Mitchell, contra.*

POUND, C.

This is a suit for accounting. The parties were partners in the saloon business at Alliance, the plaintiff residing at that point, while defendant lived at Crawford, some fifty-eight miles distant. On July 8, 1895, plaintiff, without notice to or knowledge of his partner, and without warning to the employees in immediate charge of the business, drew out substantially all the firm moneys in the bank, took the cash on hand in the saloon, and absconded. Where he went or for what purpose, he does not inform us. But he was gone some eight months, during which time he did not communicate with his partner or with his family; nor was any one able to ascertain what had become of him. The defendant, who seems to have been the responsible member of the firm, closed out the partnership business, and paid its debts. Afterwards plaintiff sued for

an accounting. The referee, who heard the evidence, found for the defendant; but the court sustained exceptions to the report and entered a decree for the plaintiff, which is now appealed from.

Without going into the somewhat complicated details of the accounting, we are of opinion that the decree ought not to be suffered to stand. Whether or not the purchase, earnings, and disposition of a roulette wheel are proper subjects for a court of equity, a partner who, in times of financial stress, such as prevailed in 1895, absconds with the ready money of the firm and leaves his copartner to settle the business as best he can, has no standing in a court of equity to demand an accounting, when it turns out that the business was closed up successfully. Defendant was on the spot to meet the claims of creditors. He was compelled to see that they were paid. If the partnership property did not suffice, he was liable. The plaintiff ran no risk. If a deficit resulted, he had only to stay away. If the property paid the debts, he could turn up and call for an accounting. Unless the maxim that he who comes into equity must come with clean hands has lost all virtue the plaintiff's case has no place in a court of equity, and should be dismissed.

It is recommended therefore that the decree be reversed and the cause dismissed.

DUFFIE and KIRKPATRICK, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the action dismissed.

REVERSED.